IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JADEN BRYNER and ALEXANDRA BRYNER,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>RUST-OLEUM CORPORATION; RUST-OLEUM SALES COMPANY, INC.; RPM INTERNATIONAL, INC.; RPM CONSUMER HOLDING CO.; BALL CORPORATION; and DOES 1 THROUGH 50,<br><br>　　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:23-CV-13 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion to Dismiss filed by Defendants RPM International, Inc. and RPM Consumer Holding Co.[1] (the "RPM Entities"). Plaintiffs have not responded and the time to do so has expired.[2] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff Jayden Bryner was injured when a Rust-Oleum spray paint can exploded and struck his midsection. Plaintiffs bring claims of strict products liability, negligence, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose against the Rust-Oleum Corporation and Rust-Oleum Sales

---

[1] RPM Consumer Holding Co. is now known as RPM Consumer Group. For consistency, the Court will continue to refer to the entities as they are named in the Complaint.

[2] DUCivR 7-1(a)(4)(A)(iii).

1

Company, Inc. (the "Rust-Oleum Entities"), the RPM Entities, and Ball Corporation. Plaintiff Alexandra Bryner brings a claim for loss of consortium, emotional distress, and mental anguish.

RPM International is a holding company and the ultimate corporate parent of the Rust-Oleum Entities. RPM Consumer Holding Co. is the corporate parent of the Rust-Oleum Entities. Both RPM Entities are incorporated in Delaware and have their principal places of business in Ohio. Neither of the RPM Entities exerts dominion or control over the Rust-Oleum Entities, nor does RPM International exert dominion or control over RPM Consumer Holding Co.

Neither of the RPM Entities owns or leases any real property in Utah, and neither has owned or leased any real property in Utah; neither maintains or has maintained any offices in Utah; neither posts or has posted any employees in Utah; neither is or has ever been registered to do business in Utah; neither has or has in the past had a designated agent for service of process in Utah or officers or employees residing in Utah; neither maintains or has maintained a mailing address, telephone, or fax listing in Utah or any base of contact or communication that originates from Utah; and neither advertises, solicits, or transacts any business in Utah (and neither has done so in the past). Further, Neither of the RPM Entities manufactures or sells any product, including the Rust-Oleum product involved in this lawsuit.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) is the vehicle by which a party may move for dismissal based on lack of personal jurisdiction. Plaintiffs bear the burden of establishing the jurisdiction over Defendants.[3] When a motion to dismiss for lack of personal jurisdiction is brought before trial and supported by affidavits and other written materials, Plaintiffs need only

---

[3] *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir. 1996).

make a prima facie showing of jurisdiction.[4] "The 'well pled facts' of the complaint must be accepted as true if uncontroverted by the defendant's affidavits, and factual disputes at this initial stage must be resolved in the plaintiff's favor when the parties present conflicting affidavits."[5] Unlike a claim under Rule 12(b)(6), when assessing personal jurisdiction under Rule 12(b)(2), the Court may consider matters outside of the pleadings without converting the motion to dismiss to one for summary judgment.[6]

### III. DISCUSSION

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[7] Utah's long arm statute applies "to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution."[8] Thus, it is "helpful to undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[9]

To satisfy the constitutional requirement of due process there must be "minimum contacts" between the defendant and the forum state.[10] The "minimum contacts" standard may

---

[4] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[5] *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (quoting *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987)).

[6] Fed. R. Civ. P. 12(d).

[7] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).

[8] Utah Code Ann. § 78B-3-201(3).

[9] *Sys. Designs, Inc. v. New Customward Co.*, 248 F. Supp. 2d 1093, 1097 (D. Utah 2003).

[10] *World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980).

be met by a finding of either general jurisdiction or specific jurisdiction. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."[11] "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'"[12] Here, the RPM Entities are incorporated in Delaware and have their principal place of business in Ohio. Further, the RPM Entities lack the continuous and systematic contacts with Utah for them to be considered "at home." Therefore, there is no general jurisdiction over them.

In order for the Court to find specific jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[13] When the "defendant has 'purposely directed' his activities at residents of the forum," courts in that state may exercise specific jurisdiction for injuries that "arise out of or relate to those activities."[14]

Here, there is no evidence that the RPM Entities have purposefully availed themselves of the privilege of conducting activities in Utah. The RMP Entities did not manufacture or sell the product involved in this suit and it has no other contacts with Utah. Instead, it is the Rust-Oleum entities who appear to have sufficient minimum contacts to allow for jurisdiction.

---

[11] *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[12] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (quoting *Goodyear*, 564 U.S. at 924)

[13] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted).

[14] *Burger King v. Rudzewicz*, 471 U.S. 462, 472–73 (1985) (internal quotation marks and citations omitted).

A court may not automatically exercise jurisdiction over a parent corporation merely because jurisdiction may be exercised over the parent's subsidiary.[15] For purposes of personal jurisdiction, "a holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity."[16] However, "[c]ompanies conducting business through their subsidiaries can qualify as transacting business in a state, provided the parent exercises sufficient control over the subsidiary."[17] Here, there is no evidence that the RPM Entities exercise sufficient control over the Rust-Oleum Defendants. Therefore, the Rust-Oleum Entities' contacts cannot be imputed to the RPM Entities and the Court lacks personal jurisdiction.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 35) is GRANTED.

DATED this 28th day of June, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[15] *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1278 n.4 (10th Cir. 2005).

[16] *Quarles v. Fuqua Indus. Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974).

[17] *Pro Axess, Inc.*, 428 F.3d at 1278.